## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2022 MSPB 46

Docket No. CH-0714-21-0067-I-1

**Jason Hemann,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

December 20, 2022

Jennifer Duke Isaacs, Atlanta, Georgia, for the appellant.

Dane R. Roper, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction because a statutory filing deadline was not met and equitable tolling was not appropriate. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, FIND that equitable tolling applies to the facts before us, and REMAND the appeal to the Central Regional Office for adjudication on the merits.

<u>BACKGROUND</u>

¶2        The appellant was employed with the agency as a GS-12 Auditor in St. Louis, Missouri. Initial Appeal File (IAF), Tab 1 at 1, Tab 8 at 51. On October 14, 2020, the agency issued a decision notice informing the appellant that, effective October 23, 2020, it was removing him from his position under the authority of [38 U.S.C. § 714](#) based on a charge of inappropriate conduct. IAF, Tab 8 at 59. The decision notice informed the appellant of his right to appeal to the Board and stated that such an appeal could be filed "at any time" after he received the decision notice, "but not later than 30 calendar days after the separation has been effected, or 30 calendar days after the date of [his] receipt of this decision, whichever is later."[1] *Id.* at 59-60.

¶3        On November 23, 2020, the appellant filed the instant appeal with the Board, arguing that the decision to remove him was "unsupported" and "the result of discrimination" and that the penalty of removal was "too harsh for the conduct charged." IAF, Tab 1 at 4. He also requested a hearing. *Id.* at 2. Observing that it appeared that the appeal was not filed within 10 business days of the effective date of the agency action as prescribed by [38 U.S.C. § 714](#)(c)(4)(B), the administrative judge ordered the appellant to file evidence and/or argument showing that his appeal was timely filed, or that, because the Board cannot waive an untimely filing for good cause when the filing deadline is statutory, another basis for a waiver of the deadline, such as equitable tolling, existed. IAF, Tab 3 at 1-3.

---

[1] At the end of the decision notice, there is a line for an employee to sign acknowledging receipt of the notice. IAF, Tab 8 at 61. In the copies of the decision notice included in the record, the appellant's signature does not appear on that page acknowledging receipt. IAF, Tab 1 at 9, Tab 8 at 61. At no point does the appellant argue that he did not receive the decision prior to the October 23, 2020 effective date. Thus, the relevant date for a timeliness inquiry is October 23, 2020.

¶4   In response to the timeliness order, the appellant argued that equitable tolling should apply because the agency's removal decision "specifically and clearly informed [the] [a]ppellant that his deadline to file was 30 days from the effective date of his removal."  IAF, Tab 6 at 5.  He asserted that, because his removal was effective October 23, 2020, the filing deadline was November 22, 2020, and that he had "attempted to file his appeal on Friday, November 20, 2020, however the MSPB's website and e-appeal system were both down [and] remained down throughout the weekend."  *Id.*  He further asserted that he successfully filed his appeal of his removal on Monday, November 23, 2020, "the first business day following his deadline to file."  *Id.*  In sum, he argued that he "followed all instructions provided by the [a]gency and diligently pursued his case[] based on the information provided to him by the [a]gency" and that "improper instructions from the [a]gency are the only reason" that he missed the 10-day filing deadline set forth in section 714.  *Id.*

¶5   Without holding the requested hearing, the administrative judge issued an initial decision finding that the appellant's initial appeal was untimely filed under 38 U.S.C. § 714(c)(4)(B) and that equitable tolling was not warranted because, among other reasons, the agency's inclusion of incorrect appeal rights was an "inadvertent mistake."  IAF, Tab 10, Initial Decision (ID) at 4-7.  Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction.[2]  ID at 2, 8.

¶6   The appellant has filed a petition of review, wherein he argues that the administrative judge erred in concluding that equitable tolling does not apply to

---

[2] Both the Board and our reviewing court have held that time prescriptions are not jurisdictional.  *Kirkendall v. Department of the Army*, 479 F.3d 830, 842 (Fed. Cir. 2007) (en banc); *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 13 (2014).  Although the administrative judge found that the appeal was untimely filed and dismissed the appeal for lack of jurisdiction, ID at 2, we need not reach the question of whether this was an appropriate disposition because, as set forth below, we find that the statutory filing deadline should be equitably tolled, and we remand the case for adjudication on the merits.

waive the 10-day filing deadline because it was reasonable for him to rely on the appeal rights provided by the agency, and that the Board has jurisdiction over his appeal. Petition for Review (PFR) File, Tab 1 at 7-11.[3] The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## ANALYSIS

### The appeal was untimely filed.

¶7    Pursuant to 38 U.S.C. § 714(a)(1), "[t]he Secretary [of the Department of Veterans Affairs] may remove, demote, or suspend a covered individual . . . if the Secretary determines the performance or misconduct of the covered individual warrants such removal, demotion, or suspension." A "covered individual" is an individual occupying a position with the agency, with four exceptions not relevant here. *Ledbetter v. Department of Veterans Affairs*, 2022 MSPB 41, ¶ 6; *see* 38 U.S.C. § 714(h)(1)(A)-(D). Such an individual may appeal to the Board any removal, demotion, or suspension of more than 14 days. 38 U.S.C. § 714(c)(4)(A); *Ledbetter*, 2022 MSPB 41, ¶ 6. However, an appeal "may only be made if such appeal is made not later than 10 business days after the date of such removal, demotion, or suspension." 38 U.S.C. § 714(c)(4)(B); *Ledbetter*, 2022 MSPB 41, ¶ 6. In calculating the filing deadline under section 714, weekends and holidays are excluded. *Ledbetter*, 2022 MSPB 41, ¶ 7 n.2.

¶8    Here, it is undisputed that the effective date of the appellant's removal was October 23, 2020. IAF, Tab 8 at 59. Under 38 U.S.C. § 714(c)(4)(B), his appeal was due no later than 10 business days later, on November 6, 2020.[4] The

---

[3] In his petition for review, the appellant also reasserts his claim from below that removal was not a reasonable penalty under the circumstances. PFR File, Tab 1 at 11-16. Because we are remanding this appeal for adjudication on the merits, we need not address the penalty here.

[4] As briefly explained above, the appellant contended in his initial appeal that his removal was "the result of discrimination." IAF, Tab 1 at 4. In *Davis v. Department of Veterans Affairs*, 2022 MSPB 45, ¶ 17, we held that an appellant who files an appeal of

appellant filed his appeal on November 23, 2020, and, thus, his appeal was untimely filed by 17 calendar days.  IAF, Tab 1; *see* 38 U.S.C. § 714 (c)(4)(B).  The issue before us is whether there is any basis to waive or toll the statutory filing deadline.

The statutory filing deadline should be equitably tolled in this matter.

¶9      The Board has set forth three scenarios under which it will waive a filing deadline prescribed by statute or regulation:  (1) the statute or regulation itself specifies circumstances in which the time limit will be waived; (2) an agency's affirmative misconduct precludes it from enforcing an otherwise applicable deadline under the doctrine of equitable estoppel, unless the application of equitable estoppel would result in the expenditure of appropriated funds in contravention of statute; and (3) an agency's failure to provide a mandatory notice of election rights warrants the waiver of the time limit for making the election.  *Ledbetter*, 2022 MSPB 41, ¶ 8; *see Blaha v. Office of Personnel Management*, 106 M.S.P.R. 265, ¶ 8 (2007); *Speker v. Office of Personnel Management*, 45 M.S.P.R. 380, 385 (1990), *aff'd*, 928 F.2d 410 (Fed. Cir. 1991) (Table), *and modified by Fox v. Office of Personnel Management*, 50 M.S.P.R.

---

an adverse action taken pursuant to 38 U.S.C. § 714 and alleges violations of equal employment opportunity (EEO) statutes in the first instance before the Board has filed a mixed case, which is governed by the procedures and the timelines established by 5 U.S.C. § 7702 and its implementing regulations, and not 38 U.S.C. § 714.  We further held that the Board's implementing regulations, which provide for a 30-day filing period for mixed-case appeals, apply to mixed-case appeals under 38 U.S.C. § 714 that are filed directly with the Board.  *Davis*, 2022 MSPB 45, ¶¶ 8-9, 19.  Although we are unable to discern from the current state of the record whether this is a mixed case, based on his initial filing, it appears that the appellant may have been attempting to bring a mixed case.  IAF, Tab 1 at 4.  However, the administrative judge did not have the benefit of our holding in *Davis* to prompt him to further inquire into the nature of the appellant's allegations to determine whether, in fact, the appellant brought a mixed-case appeal before the Board.  Nonetheless, we need not determine whether this is a mixed case and, thus, whether it was timely filed pursuant to *Davis*, because a remand for adjudication on the merits is otherwise warranted based on our application of equitable tolling.

602, 606 n.4 (1991). Additionally, the doctrine of equitable tolling may be available under certain circumstances to toll a statutory deadline in an untimely filed appeal. *Ledbetter*, 2022 MSPB 41, ¶ 8; *Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 593 (1992).

¶10      In *Ledbetter*, the Board concluded that the first and third bases discussed above did not apply to an appeal of an action taken under section 714. *Ledbetter*, 2022 MSPB 41, ¶¶ 9-10. Specifically, regarding the first basis for waiver, the filing deadline cannot be waived because 38 U.S.C. § 714 does not provide for waiver. *Id.*, ¶ 9. Regarding the third basis, the statute does not require the agency to notify its employees of their election rights or any associated filing deadlines. *Id.*, ¶ 10. However, the Board concluded in *Ledbetter* that the deadline set forth in section 714 could be subject to equitable estoppel or equitable tolling and that it was inclined to believe that equitable tolling is available in appeals of actions taken under section 714 under appropriate circumstances. *Id.*, ¶¶ 11, 14. Given that the requirements to establish equitable tolling are less stringent than the requirements to establish equitable estoppel, we analyze whether the appellant meets the lower burden of establishing that equitable tolling is warranted under the circumstances presented here. *See id.*, ¶ 12.

¶11      The U.S. Supreme Court has held that there is a rebuttable presumption that the doctrine of equitable tolling can be invoked in certain circumstances to excuse an untimely filed lawsuit against the Government. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). Such circumstances include situations in which an appellant "has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or when an appellant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* at 96; *see Ledbetter*, 2022 MSPB 41, ¶ 12. As it must, the Board has followed the Supreme Court's jurisprudence in this area. *See, e.g.*,

*Ledbetter*, [2022 MSPB 41](#), ¶ 12; *Heimberger v. Department of Commerce*, [121 M.S.P.R. 10](#), ¶ 10 (2014); *Wood*, 54 M.S.P.R. at 593.

¶12        The administrative judge observed that "the statute makes clear it provides for an expedited appeal process," and he concluded that equitable tolling should not apply in the instant case.  ID at 6-7.  In arriving at this conclusion, he reasoned that the decision notice "mistakenly cited the wrong information with regard to the filing deadline" but that there was no evidence to suggest that the mistake was "intentional or rose to the level of affirmative misconduct on the agency's part to reach the high bar required under principles of equitable tolling." ID at 7.  He also noted the agency's argument that language in the decision notice referred the appellant "to the MSPB website for information regarding the appeals process and procedures that must be followed."  ID at 4 (quoting IAF, Tab 8 at 60); IAF, Tab 7 at 5.  He stated that the information at the Board's website at the hyperlink provided in the decision notice specifies that an appellant has 10 business days to file an appeal following an adverse action taken under [38 U.S.C. § 714](#).  ID at 4; IAF, Tab 8 at 60.  Lastly, the administrative judge also considered that the appellant was represented by legal counsel at the outset of his appeal, but he reasoned that an appellant is personally responsible for the diligent prosecution of his appeal, even if he is represented.  ID at 4-5 (citing *Taylor v. U.S. Postal Serv*ice, [53 M.S.P.R. 27](#), 28-29 (1992)).    Although he acknowledged "the confusion attributable to the erroneous information regarding filing deadlines contained in the decision letter," the administrative judge ultimately concluded that the case did not present facts that would "serve to excuse strict adherence to the 10-day filing deadline required under § 714." ID at 5, 7.

¶13        As noted previously, in his petition for review, the appellant reiterates his argument that equitable tolling should apply.  PFR File, Tab 1 at 7-10.  He argues that the administrative judge ignored the fact that he complied with the 30-day deadline set forth in the decision notice and that the administrative judge's

finding that the appellant should have known the deadline was incorrect because the statute provides for an expedited process "falls well outside any reasonable expectation of due diligence on [the] [a]ppellant's part." *Id.* at 9. The appellant also claims that he "made every effort to actively pursue his [remedies before the Board] based on the information contained in the [decision notice]." *Id.* at 10.

¶14        Although we acknowledge that equitable tolling is a "rare remedy," *Heimberger*, 121 M.S.P.R. 10, ¶ 10; *see Irwin*, 498 U.S. at 96, we agree with the appellant that its application is appropriate under the circumstances of this case. We have considered the administrative judge's reasoning that the incorrect appeal rights provided by the agency were the result of an "inadvertent mistake" and that the unintentional error did not constitute affirmative misconduct sufficient to invoke equitable tolling. However, the administrative judge does not cite any legal authority to support the proposition that maliciousness or ill intent is required to invoke equitable tolling based on a claim that a party was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *See Irwin*, 498 U.S. at 96. Nor does the agency cite to any authority to support such a proposition.

¶15        Furthermore, our research has not revealed such a requirement, and the limited jurisprudence is, at a minimum, silent on the question of motive. For example, in setting forth the scenarios to which equitable tolling applies, the Supreme Court in *Irwin* relied on its prior decision in *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231 (1959). *See Irwin*, 498 U.S. at 96 n.4. In *Glus*, the petitioner alleged that an employer's representative either "fraudulently or unintentionally" misled him to believe that he could bring an action within 7 years after the cause of action "accrued," despite a statutory filing deadline of 3 years. *Glus*, 359 U.S. at 231-32 & n.2. Silent on the employer's representative's motive, the Court stated that "[t]o decide the case we need look no further than the maxim that no man may take advantage of his own wrong." *Id.* at 232. The Court held that the petitioner was entitled to have his case tried

on the merits if he could prove his allegations that he was "justifiably misled into a good-faith belief that he could begin his action at any time within [7] years after it had accrued." *Id.* at 235. Thus, in *Glus*, equitable tolling was applied without regard to the opposing party's motive.

¶16 In other cases, our reviewing court and the Board have discussed what might trigger the application of equitable tolling without any discussion of the motive behind opposing parties' actions, even when the application of equitable tolling was ultimately denied. In *Frazer v. U.S.*, 288 F.3d 1347, 1349-50 (Fed. Cir. 2002), our reviewing court considered whether equitable tolling should be applied when former shareholders and directors of a defunct financial institution brought suit against the United States approximately 9 months after the applicable statute of limitations ran. However, the appellants did not allege any misconduct on the part of the Government, and the court ultimately did not apply equitable tolling. *Id.* at 1353-54. The court remarked, without mention of motive, that equitable tolling "is available only when the lateness is attributable, at least in part, to misleading [G]overnmental action." *Id.* at 1353-54. Notably, the court distinguished equitable tolling from equitable estoppel, concluding that "the requirements for equitable estoppel are even more stringent; equitable estoppel requires affirmative [G]overnmental misconduct." *Id.* at 1354.

¶17 Similarly, in *Heimberger*, after the statutory period for filing an individual right of action (IRA) appeal had passed, the appellant filed a request to reopen her case with the Office of Special Counsel (OSC), OSC denied the request, and the appellant filed an IRA appeal with the Board, arguing that she filed a timely appeal because timeliness should be calculated from the date of OSC's denial of her request to reopen, rather than from the date of OSC's initial close-out letter. 121 M.S.P.R. 10, ¶¶ 2-4. The Board examined the language in the original OSC close-out letter, noting that it notified the appellant of her Board appeal rights and the time limit for pursuing them, and invited her to seek reconsideration directly from OSC. *Id.*, ¶ 12. Because the OSC letter appeared to have given the

appellant two options for further action, but did not inform her of the consequences of electing one versus the other, the Board acknowledged that a reasonable person might have been affirmatively misled by this language into seeking reconsideration from OSC while the filing period with the Board continued to run. *Id.* Without regard to OSC's motive in drafting the close-out letter, the Board reasoned that such a circumstance would constitute at least an arguable basis for equitable tolling. *Id.* Nonetheless, because the appellant in *Heimberger* resigned herself to the close-out decision for over a year before she started to pursue the matter again with OSC, the Board concluded that the appellant failed to show a sufficient basis to toll the filing deadline. *Id.*

¶18 None of the above-discussed cases, or any others identified by the Board, suggest that an opposing party's misconduct or misleading language must be committed or provided with maliciousness or ill intent in order to trigger equitable tolling. Rather, they simply suggest that when a party takes an action or provides language that misleads an adversary, that party may not benefit from that action.

¶19 Here, it cannot be reasonably disputed that the agency's language informing the appellant that he had 30 calendar days from the effective date of his removal or 30 calendar days from his receipt of the removal notice, whichever was later, to appeal his removal to the Board misled him into believing that a 30-day filing period was permitted. The agency's inclusion of a reference to the Board's website, which included accurate information on the filing period, or the appellant's reliance on counsel does not change this analysis. As such, we find that the underlying facts establish that the agency "induced or tricked" the appellant into allowing the statutorily required 10-day filing deadline to pass. *See Irwin*, 498 U.S. at 96. Accordingly, we find that the circumstances of this case warrant the equitable tolling of the filing deadline.

¶20    Further, it appears undisputed that the appellant filed his appeal within the 30-day period provided to him by the agency,[5] and the evidence suggests that he actually had attempted to file his appeal several days before the 30-day period was set to expire, but was not able to do so because the Board's e-Appeal system was down.[6]  IAF, Tab 6 at 11-12.  Thus, we find that the appellant acted with due diligence within the filing period that he reasonably believed to be correct.  *Cf. Ledbetter*, 2022 MSPB 41, ¶ 13 (declining to apply the doctrine of equitable tolling even when the agency provided incorrect appeal rights because the appellant failed to show that he filed his appeal within the incorrect timeframe provided by the agency).  Based on the foregoing, we find that the appellant is entitled to have the statutory 10-day filing deadline equitably tolled.  *See Irwin*, 498 U.S. at 96; *Heimberger*, 121 M.S.P.R. 10, ¶ 10.

---

[5] The appellant's removal was effective October 23, 2020.  IAF, Tab 8 at 59.  Thus, under a 30-day filing deadline, the appeal needed to be filed on or before November 22, 2020.  However, November 22, 2020, was a Sunday, and the Board's regulations provide that, "[i]f the date that ordinarily would be the last day for filing falls on a Saturday, Sunday, or Federal holiday, the filing period will include the first workday after that date."  5 C.F.R. § 1201.23.  As such, the appellant's filing on Monday, November 23, 2020, is a timely filed appeal under a 30-day filing period.

[6] The Board's records corroborate the appellant's claim that its e-Appeal system was down during this time period.

## ORDER

¶21 Accordingly, we vacate the initial decision, find that equitable tolling applies to the facts before us, and remand the appeal to the Central Regional Office for adjudication on the merits.

FOR THE BOARD:


/s/ for
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.