# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SCHEKILA S. WILLIAMS,<br>       Appellant, | DOCKET NUMBER<br>DA-0714-18-0398-I-1 |
|     v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>       Agency. | DATE: May 17, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Edward Larvadain, Jr., Alexandria, Louisiana, for the appellant.

Alonda Price, Garland, Texas, for the agency.

Cecilia G. Isenberg, Garland, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal pursuant to 38 U.S.C. § 714 based on a charge of Absence Without Leave (AWOL). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appeal to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Effective May 24, 2018, the agency removed the appellant from her GS-06 Medical Support Assistant position pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat 862, 869-73 (codified as amended at 38 U.S.C. § 714). Initial Appeal File (IAF), Tab 10 at 9, 13-20. The action was based on a single charge of "Unauthorized Absence (AWOL)" with 23 underlying specifications relating to absences between December 2017 and March 2018. *Id.* at 16-19. The appellant subsequently filed a Board appeal challenging her removal and requested a hearing on her appeal. IAF, Tab 1 at 3. She did not raise any affirmative defenses. IAF, Tab 1 at 2-7, Tab 11 at 2 n.1. In an order on timeliness, the administrative judge noted that the appeal appeared to have been filed 1 day late, and he provided the appellant with the opportunity to provide evidence and/or argument showing that her appeal was timely filed or that her delay in filing her appeal should be excused. IAF, Tab 3.

After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming her removal. IAF, Tab 17, Initial Decision (ID). Regarding the timeliness of the appeal, he found that the doctrine of equitable tolling applied because the agency had provided the appellant with improper appeal rights information in its decision letter. ID at 1 n.1. He further found that, as to each specification, the agency proved by substantial evidence that the appellant's absences were not authorized or her requests for leave were properly denied. ID at 4-5. He further found that the agency complied with the Family and Medical Leave Act of 1993 (FMLA) as a part of its burden of proving the AWOL charge. ID at 5. Accordingly, the administrative judge sustained the agency's charge. *Id.* The administrative judge then found that he had no

authority to mitigate the penalty for an action taken under 38 U.S.C. § 714.  ID at 6.  Consequently, he affirmed the agency removal action.  *Id.*

The appellant has timely filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appeal was untimely filed.</u>

38 U.S.C. § 714(c)(4)(B) provides that a covered individual removed pursuant to section 714 may file a Board appeal challenging her removal "not later than 10 business days after the date of such removal."  *See Ledbetter v. Department of Veterans Affairs*, 2022 MSPB 41, ¶¶ 6-7.  Here, it is undisputed that the appellant was removed from her position, pursuant to 38 U.S.C. § 714, effective May 24, 2018.  IAF, Tab 10 at 13.  Accordingly, her appeal was due no more than 10 business days later, on June 8, 2018.[2]  The appellant's Board appeal challenging her removal was postmarked June 13, 2018.  IAF, Tab 1 at 1, 33; *see* 5 C.F.R. § 1201.4(*l*) (stating that the date of filing by mail is determined by the postmark date).  Consequently, her appeal was untimely filed by 3 calendar days.

<u>We ultimately agree with the administrative judge's finding that the statutory filing deadline should be equitably tolled based on the facts in this case but supplement his reasoning.</u>

Although the administrative judge correctly concluded that the appellant's Board appeal was untimely filed, he nevertheless determined that the doctrine of equitable tolling should be applied to extend the deadline, determining that the agency induced the appellant into allowing the Board filing deadline to pass by providing her with incorrect information.  ID at 1 n.1; IAF, Tab 15 at 4-6 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) (concluding that if the Federal Government has waived its immunity, there is a presumption

---

[2] In calculating this deadline, we excluded the Memorial Day Federal holiday, which was observed on Monday, May 28, 2018.  *See Ledbetter*, 2022 MSPB 41, ¶ 7 & n.2 (excluding weekends and holidays when calculating the 10-business-day deadline under section 714(c)(4)(B)).

favoring the application of equitable tolling)).  Specifically, the administrative judge noted that in the May 17, 2018 removal decision letter, the agency provided incorrect appeal rights information informing the appellant that she could file an appeal with the Board challenging her removal at any time after she received the decision letter, "but not later than 30 calendar days after the separation has been effected, or 30 calendar days after the date of [] your receipt of this decision, whichever is later."  IAF, Tab 10 at 14, Tab 15 at 5-6.  Because the agency provided this incorrect appeal rights information and the appellant relied on that information by filing her Board appeal after the statutory 10-business-day filing deadline, the administrative judge concluded that the appellant was "induced or tricked" by the agency into allowing the filing deadline to pass.  ID at 6.  Consequently, he determined that equitable tolling should be applied to extend the Board filing deadline.  ID at 6.

After the initial decision was issued in this case, the Board issued its decision in *Hemann v. Department of Veterans Affairs*, 2022 MSPB 46.  The appellant in *Hemann* was removed pursuant to section 714, and the decision notice informed him of his right to appeal the removal to the Board "at any time" after he received the decision notice, but "not later than 30 calendar days" after the separation was effected or his receipt of the decision, whichever was later. *Hemann*, 2022 MSPB 46, ¶ 2.  The appellant filed his Board appeal more than 10 business days, but less than 30 days, after the effective date of the removal action and the agency moved to dismiss the appeal as untimely filed.  *Id.*, ¶¶ 3, 20.

Citing its prior decision in *Ledbetter*, 2022 MSPB 41, ¶ 8, the Board acknowledged that the doctrine of equitable tolling may be available under certain circumstances to toll a statutory deadline in an untimely appeal.  *Hemann*, 2022 MSPB 46, ¶ 9.  The Board next considered the limited circumstances in which equitable tolling may be invoked to excuse an untimely filed lawsuit against the Government.  *Id.*, ¶ 11.  The Board highlighted two such

circumstances, the first, when an appellant has "actively pursued his judicial remedies by filing a defective pleading during the statutory period," and the second, when an appellant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (quoting *Irwin*, 498 U.S. at 96). After reviewing precedent from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) and the U.S. Supreme Court applying equitable tolling in these circumstances, the Board determined that the agency's incorrect notice to the appellant that he had 30 calendar days to challenge his removal to the Board mislead him into believing that a 30-day filing period was permitted, and so the agency had "induced or tricked" him into allowing the statutorily required 10-business-day filing deadline to pass. *Id.*, ¶ 19. Consequently, the Board concluded that equitable tolling was warranted. *Id.* The Board further concluded that because it was undisputed that the appellant had filed his Board appeal within the 30-day period provided to him by the agency, he had acted with due diligence within the filing period that he reasonably believed to be correct. *Id.*, ¶ 20.

The factual circumstances in *Hemann* are nearly identical to those at issue in this appeal. As in *Hemann*, the appellant here was "induced or tricked" by the incorrect 30-day filing deadline provided by the agency, and the appellant acted with due diligence by filing her Board appeal within the filing period she believed was applicable based on the information provided to her by the agency.[3] Consequently, we agree with the administrative judge's finding that equitable tolling should apply to extend the filing deadline for the appellant's untimely appeal of her removal pursuant to 38 U.S.C. § 714, based on the specific facts of this case.

---

[3] Also, as in *Hemann*, it is of no consequence that the appellant here was represented by legal counsel during the course of her appeal. IAF, Tab 1 at 4; *see Hemann*, 2022 MSPB 46, ¶¶ 12, 19.

<u>The appellant has failed to provide a basis for disturbing the administrative judge's finding that the agency proved its charge by substantial evidence.</u>

In an appeal of an action taken pursuant to 38 U.S.C. § 714, the agency is required to prove its charge by substantial evidence.[4]  *See Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1298 (Fed. Cir. 2021).  To prove an AWOL charge, an agency must demonstrate that the employee was absent without authorization and, if the employee requested leave, that the request was properly denied.  *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 n.5 (2015), *overruled in part on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.  The administrative judge found that the appellant was absent for all the dates for which she was charged, and the appellant does not contest this finding on review.  ID at 3-4.  Moreover, the appellant does not appear to dispute the administrative judge's finding that the agency did not authorize those absences.  ID at 4-5.  Rather, she contends that nobody testified that she did not have leave to cover her absences and that there was no testimony explaining the agency's documentary evidence.  PFR File, Tab 1 at 3.

The appellant's contention fails to provide a basis for review.  When an employee has requested leave to cover her absences, an AWOL charge will be sustained only if the agency establishes that the appellant's requests were properly denied.  *Savage*, 122 M.S.P.R. 612, ¶ 28.  Moreover, if the employee requested leave without pay (LWOP) for the periods when she was placed in an AWOL status, the Board will examine the record as a whole to determine if the denial of LWOP was reasonable under the circumstances.  *Id.*

Here, as noted by the administrative judge, the appellant testified that, during the time periods at issue in this appeal, she usually had very little accrued leave.  ID at 5; Hearing Recording (HR) (testimony of the appellant).  The

---

[4] Substantial evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree."  5 C.F.R. § 1201.4(p).

administrative judge accordingly found that the agency established that the appellant did not have sufficient leave to cover her substantial hours of absences —129.75 hours. ID at 4. Thus, contrary to the appellant's argument on review, there was testimony establishing that she did not have sufficient leave to cover her absences.

To the extent the appellant is alleging that the agency should have granted her LWOP to cover her absences, the administrative judge addressed this argument in the initial decision. ID at 4-5. The administrative judge acknowledged the appellant's testimony that the vast majority of her absences were directly related to her children's medical conditions, and not to any condition of her own. ID at 4. As previously noted, the administrative judge considered whether the agency complied with the requirements of the FMLA, and found that it had. *Id.* at 5. In reaching this conclusion, he noted that the appellant admitted that she had not requested FMLA-based leave for any period of absence at issue in this appeal, and that the agency had granted her FMLA-based leave in the past. *Id.* The appellant has provided no basis for disturbing the administrative judge's well-reasoned finding that, under these circumstances, the agency's denial of the appellant's requests for LWOP did not constitute an abuse of discretion. ID at 5; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Accordingly, we find that the administrative judge properly determined that the agency proved its charge by substantial evidence.

<u>Remand of the appeal is necessary for the administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in sustaining the removal based on substantial evidence harmed the appellant.</u>

As previously discussed, the administrative judge concluded in the initial decision that the agency proved each specification of the AWOL charge by substantial evidence and consequently determined that the agency met its burden of proving the charge. ID at 3-5. After the initial decision in this case was issued, the Federal Circuit issued its decision in *Rodriguez*, 8 F.4th at 1296-1301, in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action taken under 38 U.S.C. § 714. The court in *Rodriguez* found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that an agency's deciding official must "determine[]" whether "the performance or misconduct . . . warrants" the action at issue by applying a preponderance of the evidence burden of proof.[5] *Id.* at 1298-1301 (quoting 38 U.S.C. § 714(a)(1)).

The Board subsequently issued *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 23-24, in which it found that it was appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to an agency's improper application of the substantial evidence standard to its review of proposed actions taken under 38 U.S.C. § 714. The Board also held that the Federal Circuit's holding in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov*, 2023 MSPB 16, ¶ 22.

In the instant appeal, the deciding official noted in the decision letter that the AWOL charge was supported by "substantial evidence" in sustaining the appellant's removal. IAF, Tab 10 at 13. During the hearing, the agency did not elicit any further testimony concerning the burden of proof the deciding official applied in assessing the charge, and the deciding official did not offer any

---

[5] Preponderance of the evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q).

additional testimony indicating that he applied anything other than a substantial evidence burden of proof in sustaining the removal. IAF, Tab 16, HR at 37:30-42:30 (testimony of the deciding official). The administrative judge and the parties did not have the benefit of *Rodriguez*, and they were therefore unable to address its impact on this appeal. Accordingly, we remand this case for further adjudication to address whether the agency's apparent error in applying the substantial evidence standard of proof was harmful. *See Semenov*, 2023 MSPB 16, ¶ 22. On remand, the administrative judge shall provide the parties with an opportunity to present additional evidence and argument, including holding a supplemental hearing if requested by the appellant, addressing whether the agency's use of the substantial evidence standard in the removal decision constituted harmful error.

On remand, the administrative judge should apply the *Douglas* factors and review the agency's penalty determination.

After the initial decision was issued in this case, the Federal Circuit issued its decision in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021). In *Connor*, the Federal Circuit determined that the agency and the Board must consider and apply the nonexhaustive factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under 38 U.S.C. § 714. *Connor*, 8 F.4th at 1325-26; *see Semenov*, 2023 MSPB 16, ¶¶ 44-50 (stating that, consistent with the Federal Circuit's decision in *Connor*, the agency and the Board must apply the *Douglas* factors in reviewing the penalty in an action taken under 38 U.S.C. § 714). The court held that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors" and that, although the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor*, 8 F.4th at 1326-27 (citing *Brenner*

*v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that, "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings")).

Here, the administrative judge did not have the benefit of the *Connor* or *Semenov* decisions. In the absence of this guidance, he concluded that the Board lacked mitigation authority in actions taken under 38 U.S.C. § 714 and specifically concluded that the "reasonableness of an imposed penalty, along with a consideration of mitigating and aggravating factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), is immaterial."[6] ID at 6. Moreover, in the removal decision letter, the deciding official did not reference the Board's decision in *Douglas*, cite to the *Douglas* factors, or otherwise indicate that he considered any mitigating factors in sustaining the removal action. IAF, Tab 10 at 13-15. Finally, during the hearing, the deciding official did not offer any testimony concerning whether he considered the *Douglas* factors or any mitigating considerations in deciding to sustain the removal penalty, and the parties did not elicit any testimony on the issue. HR at 37:30-42:30 (testimony of the deciding official).

Thus, the record is unclear as to whether the agency properly considered the *Douglas* factors in deciding to remove the appellant. The administrative judge and the parties did not have the benefit of *Connor*, and therefore were unable to address its impact on this appeal. Consequently, on remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue, again holding a supplemental hearing if requested by the appellant. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty,

---

[6] Despite this finding, it appears that the administrative judge identified potential mitigating factors, such as the fact that the appellant's children had significant medical conditions that required her attention and frequent absences, but nevertheless determined that he lacked the authority to mitigate the agency's chosen decision on that basis. ID at 6.

the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, he should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *Id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers*, 954 F.3d 1370, 1375-76, 1379 (Fed. Cir. 2020)).

## ORDER

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.[7]

FOR THE BOARD:       *Gina K. Grippando*

                   _____

                   Gina K. Grippando

                   Clerk of the Board

Washington, D.C.

---

[7] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.