**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 41**

Docket No. PH-0714-18-0119-I-1

**Percy M. Ledbetter,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

December 12, 2022

Anthony F. Jeselnik, Esquire, Pittsburgh, Pennsylvania, for the appellant.

Sara Elizabeth Aull, Esquire, Pittsburgh, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision as MODIFIED by this Opinion and Order to clarify the analysis of the Board's authority to waive or toll the filing deadline of an appeal filed under 38 U.S.C. § 714, still dismissing the appeal as untimely filed.

## BACKGROUND

¶2    Effective November 8, 2017, the agency removed the appellant from his Housekeeping Aid Supervisor position in its Pittsburgh Healthcare System under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (2017) (codified at 38 U.S.C. § 714). Initial Appeal File (IAF), Tab 15 at 13, Tab 18 at 11.  In its decision letter, the agency advised the appellant that he could file an appeal with the Board challenging the removal decision no later than 30 calendar days after the effective date of the action or 30 calendar days after his receipt of the decision, whichever was later.[1]   IAF, Tab 15 at 15.   The appellant acknowledged receipt of the decision on November 8, 2017, the same day as the effective date of his removal. IAF, Tab 15 at 17, Tab 18 at 11.   The appellant filed the present appeal on December 22, 2017.  IAF, Tab 1.

¶3    After holding the requested hearing on the merits of the removal action, the administrative judge issued a show cause order, indicating that it appeared that the appellant did not timely file his appeal.  IAF, Tab 21 at 1, Tab 24, Hearing Audio.  She acknowledged that the agency incorrectly advised the appellant that he had 30 calendar days—as opposed to the 10 business days set forth in 38 U.S.C. § 714—to file his Board appeal.  IAF, Tab 21 at 1-2.  She noted, however, that the appellant filed the appeal 14 days after the incorrect later deadline set by the agency.  *Id.* at 2.  As a result, she afforded the appellant an opportunity to demonstrate good cause for the delay in filing.  *Id.* at 2-3.  The appellant responded to the show cause order, and the agency submitted a reply to the appellant's response.  IAF, Tabs 22-23.

---

[1] In the appeal rights section of the decision letter, the agency referred to the adverse action as a demotion rather than as a removal, which appears to be an oversight.  IAF, Tab 15 at 15.

¶4 After consideration of the pleadings, the administrative judge issued an initial decision, dismissing the appeal as untimely filed. IAF, Tab 25, Initial Decision (ID). She found that the issue of Board jurisdiction, including the timeliness of an appeal, is always before the Board and may be raised by either party, or sua sponte by the Board, at any time. ID at 3. She also found that, based on the language of the statute, it did not appear that the time limit for filing an appeal under 38 U.S.C. § 714 could be waived upon a showing of good cause for the delay. *Id.* She further found that an agency's incorrect statement concerning appeal rights does not confer jurisdiction over an appeal, and that, even if equitable estoppel could apply to allow the filing within the 30 calendar days provided by the agency, his appeal was filed 14 days beyond that incorrect deadline. *Id.* She dismissed the appellant's arguments that the timeliness requirement should be waived because neither the agency, nor the Board, raised the timeliness issue until the hearing and because the agency was not prejudiced by his late filing. ID at 3-4. She found that, other than his pro se status, the appellant offered no justification for his untimely filing and that, even using a 30-day filing period, his 14-day delay was not minimal. ID at 4. Accordingly, she dismissed the appeal. ID at 5.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition. PFR File, Tab 3.

## ANALYSIS

### The appellant's appeal was untimely filed.

¶6 Pursuant to 38 U.S.C. § 714(a)(1), "[t]he Secretary [of the Department of Veterans Affairs] may remove, demote, or suspend a covered individual . . . if the Secretary determines the performance or misconduct of the covered individual warrants such removal, demotion, or suspension." A "covered individual" is an individual occupying a position at the agency, with four exceptions not relevant here. *See* 38 U.S.C. § 714(h)(1)(A)-(D). Such individual may appeal to

the Board any removal, demotion, or suspension of more than 14 days. 38 U.S.C. § 714(c)(4)(A). However, an appeal "may only be made if such appeal is made not later than 10 business days after the date of such removal, demotion, or suspension." 38 U.S.C. § 714(c)(4)(B).

¶7 Here, the effective date of the appellant's removal was November 8, 2017. IAF, Tab 18 at 11. Under 38 U.S.C. § 714(c)(4)(B), his appeal was due on or before November 24, 2017.[2] The appellant filed his appeal on December 22, 2017, and, thus, his appeal was untimely filed by 28 calendar days. IAF, Tab 1; *see* 38 U.S.C. § 714(c)(4)(B). The remaining question, therefore, is whether the Board may waive or toll this statutory deadline.

There is no basis to waive or toll the filing deadline.

¶8 The Board has enumerated the following three bases for waiving a filing deadline prescribed by statute or regulation: (1) the statute or regulation itself specifies circumstances in which the time limit will be waived; (2) an agency's affirmative misconduct precludes it from enforcing an otherwise applicable deadline under the doctrine of equitable estoppel, unless the application of equitable estoppel would result in the expenditure of appropriated funds in contravention of statute; and (3) an agency's failure to provide a mandatory notice of election rights warrants the waiver of the time limit for making the election. *See Blaha v. Office of Personnel Management*, 106 M.S.P.R. 265, ¶ 8 (2007); *Speker v. Office of Personnel Management*, 45 M.S.P.R. 380, 385 (1990), *aff'd*, 928 F.2d 410 (Fed. Cir. 1991) (Table), *and modified by Fox v. Office of Personnel Management*, 50 M.S.P.R. 602, 606 n.4 (1991). The Board also has recognized that the doctrine of equitable tolling may be available under certain

---

[2] In calculating the deadline, we excluded weekends and the following two holidays that fell within the filing period: Veterans Day and Thanksgiving Day.

circumstances to toll a statutory deadline in an untimely filed appeal. *See Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 593 (1992).

¶9      Here, the first and the third bases for waiving the deadline are controlled by the language of the statute itself. As to the first basis for waiver, under 38 U.S.C. § 714(c)(4)(B), an appeal of a removal, demotion, or suspension of more than 14 days must be made "not later than 10 business days after" the effective date of the action. In setting this deadline, Congress made no provision for the acceptance of late filings. Appeals filed under section 714, therefore, are unlike petitions for review of initial decisions, in which Congress specifically provided for an extension of the time limit "for good cause shown." 5 U.S.C. § 7701(e)(1). Thus, we find that the statutory time limit for filing an appeal under 38 U.S.C. § 714 cannot be waived under the first basis because Congress did not provide for it. *See Wood*, 54 M.S.P.R. at 592 (concluding that the time limit for filing an individual right of action (IRA) appeal cannot be waived for good cause shown because the Whistleblower Protection Act (WPA) did not provide for the acceptance of late filings).

¶10      As to the third basis for waiver, 38 U.S.C. § 714 does not require the agency to notify its employees of their election rights or any filing deadlines associated with those elections. Moreover, the Board has not promulgated regulations governing appeals under the VA Accountability Act and, thus, there is no regulatory notice requirement. Therefore, because the agency was under no obligation to provide the appellant with a notice of election rights, the third basis for waiver is inapplicable here. *See Speaker*, 45 M.S.P.R. at 385-86 (finding that the Office of Personnel Management's failure to notify an appellant of her right to elect an alternative annuity did not form a basis for waiving a filing deadline when the applicable statute and regulations in effect at the time did not require it to provide such notice).

¶11      Although the statutory filing deadline prescribed by 38 U.S.C. § 714 cannot be waived under the first or the third basis, the deadline potentially could be

subject to equitable estoppel (the second basis for waiver) or equitable tolling. *See Wood*, 54 M.S.P.R. at 592-93. Both doctrines allow a statutory deadline to be excused based on equitable considerations. *See, e.g.*, *id.*; *Speker*, 45 M.S.P.R. at 385. However, the application of equitable relief to excuse a statutory deadline may not always be available against the Government. *See Kirkendall v. Department of the Army*, 479 F.3d 830, 836-37 (Fed. Cir. 2007) (en banc); *Frazer v. United States*, 288 F.3d 1347, 1352-53 (Fed. Cir. 2002); *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998).

¶12        The U.S. Supreme Court has held that there is a rebuttable presumption that the doctrine of equitable tolling can be invoked in certain circumstances to excuse an untimely filed lawsuit against the Government. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). Such circumstances include situations in which an appellant "has actively pursued his judicial remedies by filing a defective pleading during the statutory period" or when the appellant "has been induced or tricked by his adversary's misconduct into allowing the deadline to pass." *Id.* at 96; *see Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014). The requirements for equitable estoppel are "even more stringent," requiring affirmative misconduct by the Government. *Frazer*, 288 F.3d at 1353-54; *see Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 9 (2010) (explaining that, to prove a claim of equitable estoppel, a party must show affirmative misconduct and reasonable reliance on the misconduct to that party's detriment). Given that the requirements to establish equitable tolling are less stringent than the requirements to establish equitable estoppel, we analyze whether the appellant meets the lower burden of establishing that equitable tolling is warranted under the circumstances.

¶13        The doctrine of equitable tolling does not extend to mere "excusable neglect." *Wood*, 54 M.S.P.R. at 593 (quoting *Irwin*, 498 U.S. at 96). Moreover, equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the appellant has been pursuing his rights

diligently and some extraordinary circumstances stood in his way. *Heimberger*, 121 M.S.P.R. 10, ¶ 10. Here, the appellant cannot meet this burden. On review, he argues that an equitable exception should apply to excuse the untimely filing of his appeal because of the significant burden he assumed in pursuing his appeal through a hearing on the merits of his removal. PFR File, Tab 1 at 5. However, he has not alleged either that he pursued his rights diligently during the statutory filing period or that he was induced or tricked by the agency's misconduct into allowing the deadline to pass. *See Heimberger*, 121 M.S.P.R. 10, ¶ 10. Indeed, he has not set forth any explanation for his untimely filing. We note that, although the agency provided the appellant an incorrect statement of the deadline to file a Board appeal—advising him that he had 30 calendar days as opposed to the 10 business days prescribed by the statute—he filed his appeal 14 days beyond the incorrect date set by the agency. IAF, Tab 1, Tab 15 at 15, 17, Tab 18 at 11. Under these circumstances, we find that the appellant has not demonstrated that he acted with due diligence in pursuing his appeal or that any extraordinary circumstances stood in the way of his timely filing. *See Brown v. U.S. Postal Service*, 110 M.S.P.R. 381, ¶ 12 (2009) (finding the application of equitable tolling unwarranted when the appellant's failure to file a timely complaint was a result of his own lack of due diligence in preserving his legal rights). Thus, even if equitable relief is available under 38 U.S.C. § 714, the appellant would be ineligible to receive it.

¶14      Regarding the availability of equitable relief to excuse an untimely filed appeal under 38 U.S.C. § 714, we are inclined to believe that equitable tolling is available under appropriate circumstances given our reviewing court's analysis in *Kirkendall*, 479 F.3d at 836-43, which concluded that appeals filed under the Veterans Employment Opportunities Act of 1998 are subject to equitable tolling. However, as set forth above, the appellant here has alleged no facts that would bring him within the doctrine of equitable tolling. Therefore, we need not, and do not, decide whether equitable exceptions may be invoked in appropriate

circumstances to excuse an untimely filed appeal under 38 U.S.C. § 714. *See* 5 U.S.C. § 1204(h) (providing that the Board is prohibited from issuing advisory opinions); *see also Wood*, 54 M.S.P.R. at 593 (concluding that the Board need not decide whether the doctrine of equitable tolling could be applied in IRA appeals brought under the WPA because the appellant did not allege any facts to bring him within the doctrine).

<u>The administrative judge did not abuse her discretion.</u>

¶15        In his petition for review, the appellant alleges that the administrative judge abused her discretion when she dismissed the appeal as untimely filed after holding a hearing on the merits of his removal. PFR File, Tab 1 at 4-5. In justifying the dismissal, the administrative judge stated that the issue of whether the Board has jurisdiction over an appeal, including whether an appeal was timely filed, is always before the Board and may be raised by either party, or sua sponte by the Board, at any time during the appeal process. ID at 3. We disagree with the statement that the timeliness of an appeal is a jurisdictional issue, as we have held that statutory time prescriptions before the Board are not jurisdictional.[3] *See Heimberger*, 121 M.S.P.R. 10, ¶ 13 (citing *Kirkendall*, 479 F.3d at 842). Nevertheless, because the deadline for filing an appeal under 38 U.S.C. § 714 is statutory and the appellant has not shown any basis for waiving or tolling the

---

[3] It is understandable that the administrative judge may have believed that the time prescription here was jurisdictional given that our reviewing court has held that certain time prescriptions are jurisdictional, including the 60-day time limit for filing an appeal of a final Board decision pursuant to 5 U.S.C. § 7703(b)(1)(A). *See Fedora v. Merit Systems Protection Board*, 848 F.3d 1013, 1014-17 (Fed. Cir. 2017). In *Fedora*, the U.S. Court of Appeals for the Federal Circuit found that, pursuant to the U.S. Supreme Court's decision in *Bowles v. Russell*, 551 U.S. 205, 209, 212-13 (2007), statutory time periods for filing an appeal to an Article III court are "mandatory and jurisdictional," and are not subject to equitable tolling. *Fedora*, 848 F.3d at 1015. However, the Board is not an Article III court, and we discern no basis to deviate from precedent and conclude that the time prescription set forth in 38 U.S.C. § 714(c)(4)(B) is jurisdictional. *See Heimberger*, 121 M.S.P.R. 10, ¶ 13 (citing *Kirkendall*, 479 F.3d at 842).

statutory deadline, the administrative judge did not have the discretion to waive or toll the filing deadline once she discovered it was untimely filed. *See Heimberger*, 121 M.S.P.R. 10, ¶¶ 9, 12 (stating that the appeal must be dismissed as untimely filed when there is an insufficient basis to waive or toll the statutory filing deadline). Therefore, although unfortunate that the administrative judge did not address the apparent untimeliness of the appeal prior to concluding a hearing on the merits, we find that she did not abuse her discretion in doing so.

## ORDER

¶16     This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.