**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHONEKA L. HALL, | DOCKET NUMBER |
| Appellant, | CH-0714-18-0418-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE:  February 26, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clinton D. Hall</u>, Indianapolis, Indiana, for the appellant.

<u>Kyle C. Mardis</u>, Indianapolis, Indiana, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of the agency's removal action taken under 38 U.S.C. § 714 as untimely filed.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the initial decision's analysis of the Board's authority to waive or toll the filing deadline of an appeal filed under 38 U.S.C. § 714, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

By notice dated April 25, 2018, the agency informed the appellant of her removal for alleged misconduct, effective May 4, 2018. Initial Appeal File (IAF), Tab 5 at 16-19. The notice further informed the appellant that she could file an appeal of her removal with the Board "not later than 10 business days after the effective date" of the removal action. *Id.* at 17.

On June 3, 2018, the appellant filed this appeal by mail. IAF, Tab 1 at 28. She indicated in her appeal that she received the removal notice on April 28, 2018. *Id.* at 3. She further stated that, according to the 2013 version of the Board appeal form she used to file her appeal, "I understand that I have 30 days to file my appeal." *Id.* at 6. After the agency filed a motion to dismiss the appeal as untimely filed, to which the appellant did not respond, the administrative judge scheduled a telephonic status conference. IAF, Tab 7. The appellant did not appear for the status conference. Thereafter, the administrative judge issued an Order to Show Cause in which she informed the appellant that her appeal appeared to be untimely filed and that she must show that her appeal was timely

filed or that good cause existed for the delay in filing. IAF, Tab 8 at 1-2. The appellant did not respond to the administrative judge's order.

The administrative judge issued an initial decision in which she dismissed the appeal as untimely filed by 20 days without a showing of good cause. IAF, Tab 10. The appellant has filed a petition for review in which she argues the merits of her appeal but does not address the timeliness issue. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

An appeal of a removal action taken under 38 U.S.C. § 714, such as this one, "may only be made if such appeal is made not later than 10 business days after the date of such removal." 38 U.S.C. § 714(c)(4)(B); *Ledbetter v. Department of Veterans Affairs*, 2022 MSPB 41, ¶ 6. The appellant's removal was effective May 4, 2018. IAF, Tab 5 at 16, Tab 6 at 4. Under 38 U.S.C. § 714(c)(4)(B), her appeal was due on or before May 17, 2018. She filed her appeal on June 3, 2018, and, thus, her appeal was untimely filed by 17 days. The remaining question, therefore, is whether the Board may waive or toll this statutory deadline.

A deadline prescribed by statute or regulation may be waived when: (1) the statute or regulation itself specifies circumstances in which the time limit will be waived; (2) an agency's affirmative misconduct precludes it from enforcing an otherwise applicable deadline under the doctrine of equitable estoppel, unless the application of equitable estoppel would result in the expenditure of appropriated finds in contravention of statute; and (3) an agency's failure to provide a mandatory notice of election rights warrants the waiver of the time limit for making the election. *Ledbetter*, 2022 MSPB 41, ¶ 8. The Board has also recognized that the doctrine of equitable tolling may be available under certain circumstances to toll a statutory deadline in an untimely filed appeal. *Id.*

The statutory time limit for filing an appeal under 38 U.S.C. § 714 cannot be waived under the first basis because Congress did not provide for it. *Id.*, ¶ 9.

It cannot be waived for "good cause shown," *id.*, and we find that the administrative judge erred by applying a good cause standard in this appeal.

In addition, 38 U.S.C. § 714 does not require the agency to notify employees of their election rights or any filing deadlines associated with those elections, and there is similarly no regulatory notice requirement. *Ledbetter*, 2022 MSPB 41, ¶ 10. Thus, the deadline cannot be waived under the third basis.

The deadline could potentially be subject to equitable estoppel or equitable tolling. *Id.*, ¶ 11. However, equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the appellant has been pursuing her rights diligently and some extraordinary circumstances stood in her way. *Id.*, ¶ 13. We find that the appellant has not met this burden. The record reflects that the agency provided her with accurate notice of her right to file a Board appeal and the deadline for doing so, and that she received this notice before the effective date of the removal action. IAF, Tab 1 at 3, Tab 5 at 16-17. The appellant has not explained why she chose to disregard the notice provided by the agency and rely instead on a statement on the obsolete Board appeal form she filed. She also has not explained why she did not contact the Board office identified in the agency's notice to ask for clarification. The appellant has not alleged that she was induced or tricked by the agency's misconduct into allowing the deadline to pass. Indeed, she did not respond to the agency's motion to dismiss or the Order to Show Cause and on review, she does not address the timeliness issue at all. Under these circumstances, we find that the appellant has not demonstrated that she acted with due diligence in pursuing her appeal or that any extraordinary circumstances stood in the way of her timely filing. *See Ledbetter*, 2022 MSPB 41, ¶ 13 (finding that equitable tolling was not available even when the agency provided the appellant with an incorrect statement of the deadline for filing an appeal). Therefore, assuming that equitable relief is available to excuse the appellant's untimely appeal, she has not shown that she is entitled to it.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.   You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.