# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAROLYN LAVERN ELAM, | DOCKET NUMBER |
| Appellant, | DC-0714-19-0326-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 9, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stanley Snow, Washington, D.C., for the appellant.

David R. Scruggs, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of the agency's removal action taken under 38 U.S.C. § 714 as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify why the appellant is not entitled to waiver or tolling of the statutory filing deadline, we AFFIRM the initial decision.

## BACKGROUND

Effective January 22, 2019, the agency removed the appellant from her Medical Administration Specialist position under the authority of 38 U.S.C. § 714. Initial Appeal File (IAF), Tab 7 at 30-34. The removal decision letter, which was issued during the partial Government shutdown from December 22, 2018, through January 25, 2019, advised the appellant of her right to appeal her removal to the Board "not later than 10 business days after the re-opening of the MSPB." *Id.* at 31. On February 25, 2019, the appellant appealed her removal to the Board. IAF, Tab 1. The administrative judge advised the appellant that it appeared her appeal was untimely filed by 14 business days and ordered her to submit evidence and argument showing her appeal was timely filed or the existence of circumstances that would warrant waiver of the statutory time limit. IAF, Tab 8. The appellant did not respond. IAF, Tabs 7, 9. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 10, Initial Decision (ID).

The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 3, 5.[2]

**ANALYSIS**

Pursuant to 38 U.S.C. § 714(a)(1), "[t]he Secretary [of the Department of Veterans Affairs] may remove, demote, or suspend a covered individual . . . if the Secretary determines the performance or misconduct of the covered individual warrants such removal, demotion, or suspension." A "covered individual" is an individual occupying a position at the agency, with four exceptions not relevant here. *See* 38 U.S.C. § 714(h)(1)(A)-(D). Such individual may appeal to the Board any removal, demotion, or suspension of more than 14 days. 38 U.S.C. § 714(c)(4)(A). However, an appeal "may only be made if such appeal is made not later than 10 business days after the date of such removal, demotion, or suspension." 38 U.S.C. § 714(c)(4)(B).

Here, the administrative judge found that the appellant was removed under the authority of 38 U.S.C. § 714 effective January 22, 2019, and that any Board appeal of that action was therefore due no later than February 1, 2019. ID at 4. Because the appellant did not file her appeal until February 25, 2019, the administrative judge found her appeal untimely filed. ID at 2, 4. However, February 1, 2019, is 10 *calendar* days after the effective date of the appellant's removal, instead of the 10 *business* days required by the statute. Pursuant to 38 U.S.C. § 714(c)(4)(B), the appellant's Board appeal was due no later than

---

[2] With her petition for review, the appellant has submitted for the first time a number of documents pertaining to the merits of her removal. PFR File, Tab 3 at 7-55. The appellant has not shown that these documents are new or material to the dispositive timeliness issue, and we therefore do not consider them for the first time on review. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (providing that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

February 5, 2019—10 *business days* after the effective date of her removal. As noted above, however, the agency advised the appellant that any Board appeal of her removal, which occurred during the partial Government shutdown, was due within 10 business days "after the re-opening of the MSPB," as opposed to 10 business days after the date of the action as prescribed by the statute. IAF, Tab 7 at 31. We find that this is a reasonable interpretation of the Board's December 21, 2018 press release notifying the public that all filing and processing dates would be extended by the number of calendar days that the Board was shut down. *See* Press Release, U.S. Merit Systems Protection Board, Status of the U.S. Merit Systems Protection Board During a Partial Government Shutdown (Dec. 21, 2018), https://www.mspb.gov/publicaffairs/press_releases/Status_of_the_MSPB_During _a_Partial_Government_Shutdown_1580906.pdf (last visited Jul. 9, 2024). Accordingly, allowing the appellant 10 business days after the Board reopened on January 26, 2019, her appeal was due no later than February 8, 2019. Regardless of whether the filing deadline was February 5 or February 8, 2019, however, the appellant's February 25, 2019 appeal was untimely filed by at least 2 weeks. Thus, we discern no basis to disturb the administrative judge's determination that the appellant's appeal was untimely filed.

The administrative judge also found that the appellant failed to make a nonfrivolous allegation that good cause existed to excuse her untimely filed appeal. ID at 4. However, the filing deadline prescribed by 38 U.S.C. § 714 cannot be waived for good cause shown.[3] *See Ledbetter v. Department of Veterans Affairs*, 2022 MSPB 41, ¶¶ 8-9. Although we agree with the administrative judge that the appellant is not entitled to waiver or tolling of the filing deadline, we modify the initial decision consistent with the following to clarify the basis for this holding.

---

[3] Despite the administrative judge's incorrect finding in the initial decision, we note that she correctly set forth the potential bases by which the statutory filing deadline could be waived in her timeliness order. IAF, Tab 8 at 2-3.

While the filing deadline under 38 U.S.C. § 714(c)(4)(B) may not be waived for good cause shown, it may be subject to equitable tolling or equitable estoppel. *Ledbetter*, 2022 MSPB 41, ¶¶ 8-11, 14. The doctrine of equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the appellant has been pursuing her rights diligently and some extraordinary circumstances stood in her way, such as being induced or tricked by her adversary's misconduct into allowing the deadline to pass. *Id.*, ¶¶ 12-13. The requirements for equitable estoppel are "even more stringent," requiring affirmative misconduct by the Government. *Id.*, ¶ 12. Here, the appellant did not respond to the timeliness order below and did not otherwise provide any explanation for her untimely filing, much less demonstrate that she diligently pursued her appeal rights but was precluded from making a timely filing due to inducement or trickery by the Government. IAF, Tab 1. Accordingly, the appellant has not shown that she is entitled to equitable relief.[4]

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

[4] For the first time on review, the appellant argues that her union representative was responsible for the untimely filed appeal. PFR File, Tab 3. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Here, the appellant has not alleged that her argument is based on new and material evidence; rather, she argues that her union representative was also at fault for not responding to the order on timeliness. PFR File, Tab 3 at 3-4. It is well settled, however, that an appellant is responsible for the errors and omissions of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Even if we were to consider the appellant's arguments raised for the first time on review, however, they would not establish that she is entitled to equitable tolling or equitable estoppel because she has not alleged the existence of extraordinary circumstances that stood in the way of her making a timely filing. PFR File, Tab 3; *See Ledbetter*, 2022 MSPB 41, ¶ 13.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.