**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

OMAR ORTIZ-MENESES,
      Appellant,

    v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
NY-0752-20-0101-I-1

DATE:  December 3, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Francisco J. Reyes, Guaynabo, Puerto Rico, for the appellant.

Ana M. Margarida, San Juan, Puerto Rico, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his removal taken pursuant to 38 U.S.C. § 714 for lack of jurisdiction and as untimely filed.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the length of the filing delay and why the appellant is not entitled to waiver or tolling of the statutory filing deadline and to clarify that the Board has expressly held that the election of remedies provisions set forth at 5 U.S.C. § 7121(e) apply to actions taken pursuant to 38 U.S.C. § 714, we AFFIRM the initial decision.

## BACKGROUND

Effective January 24, 2020, the agency removed the appellant from his Medical Instrumentation Technician position under the authority of 38 U.S.C. § 714 based on charges of failure to follow protocol, failure to document clinical data, and delay in patient care. Initial Appeal File (IAF), Tab 7 at 17-19, 23. The decision letter advised the appellant of his appeal rights regarding his removal, including his right to file an appeal with the Board "not later than 10 business days after the date of [the] action" or to file a grievance under the relevant negotiated grievance procedure. *Id*. at 17-18. The letter informed the appellant that he could not file an appeal regarding his removal "with more than one administrative body" and that his "election [would be] based in which election [he] file[d] first." *Id*. at 18. The appellant filed a grievance, and the agency

issued a step three grievance decision sustaining the removal on February 13, 2020. IAF, Tab 1 at 5, Tab 7 at 20-21.[2]

On February 25, 2020, the appellant filed his Board appeal challenging the merits of his removal. IAF, Tab 1 at 6, 8-13. The appellant maintained that he had filed his appeal within 14 days of the "final action." *Id*. at 8. He also challenged the grievance procedures and argued that the agency had violated his right to due process by having the same agency official issue a decision at the step two and step three levels. *Id*. at 10-12. The agency filed a motion to dismiss the appeal for lack of jurisdiction because the appellant had elected to appeal his removal under the relevant negotiated grievance procedure and therefore could not also file a Board appeal. IAF, Tab 7 at 4-8. The administrative judge ordered the appellant to file evidence and argument regarding the election of remedies issue. IAF, Tab 8 at 1. In response, the appellant argued that the agency had maintained during the grievance process that 38 U.S.C. § 714 prohibited an employee from filing a grievance of an action taken under that authority and, therefore, that a Board appeal was the "only option available." IAF, Tab 9 at 4-5. He further argued that he had to go through the grievance process through the step three level prior to either filing a Board appeal or invoking arbitration, and that he had appropriately filed his Board appeal after receiving the agency's step three grievance decision. *Id*. at 6-7.

Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 1, 4. The administrative judge found that the appellant had elected to file a grievance under the relevant collective bargaining agreement prior to filing his Board appeal. ID at 3-4. The administrative judge also found that the appellant had failed to file his Board appeal within the 10 business day statutory deadline. *Id*.

---

[2] The appellant stated on his initial appeal form that he filed a grievance on December 19, 2019. IAF, Tab 1 at 5. However, the record does not contain any documents regarding the grievance at the step one or two levels.

The appellant has filed a petition for review contesting the administrative judge's finding that his appeal was untimely filed and challenging the merits of his removal. Petition for Review (PFR) File, Tab 1.[3] The agency did not file a response to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

On petition for review, the appellant argues that the administrative judge improperly decided the appeal based on the issue of timeliness, even though the agency had not raised this issue in its motion to dismiss the appeal for lack of jurisdiction. PFR File, Tab 1 at 4. He repeats his argument that his removal was final only after the agency's step three grievance decision and, therefore, his appeal was timely filed from that date. *Id*. at 4-5, 7. Initial Appeal File (IAF), Tab 9 at 6-7. The appellant also repeats his factual allegations and arguments concerning the merits of his removal. *Id*. at 8-11; IAF, Tab 1 at 8-13.

Pursuant to 38 U.S.C. § 714(a)(1), "[t]he Secretary [of the Department of Veterans Affairs] may remove, demote, or suspend a covered individual . . . if the Secretary determines the performance or misconduct of the covered individual warrants such removal, demotion, or suspension." A "covered individual" is an

---

[3] After the appellant filed his petition for review, and after the petition for review record closed, he attempted to submit an additional pleading titled "Motion to Reopen, Violation of Due Process." PFR File, Tab 3 at 1. The Office of the Clerk of the Board advised the appellant that he could submit a motion requesting leave to file additional pleadings, explaining the nature and the need for the pleadings, and showing that the evidence was not readily available before the record closed. *Id*.; *see* 5 C.F.R. § 1201.114(a), (k). The appellant subsequently filed a motion for leave to file an additional pleading, arguing that he had learned of alleged ex parte communications between the deciding official, proposing official, and his supervisor during the time between the issuance of the proposed removal and removal decision. PFR File, Tab 4 at 4-7. The appellant has failed to sufficiently explain the nature of the evidence he wishes to file in his additional pleading or how this "information" concerning a purported due process violation provides a basis for overturning the administrative judge's findings regarding the appellant's binding election of remedies and the untimeliness of his appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that evidence is material when it is of sufficient weight to warrant an outcome different from that of the initial decision); 5 C.F.R. § 1201.114(a), (k). Accordingly, the appellant's motion is denied.

individual occupying a position at the agency, with four exceptions not relevant here. *See* 38 U.S.C. § 714(h)(1)(A)-(D). Such individual may appeal to the Board any removal, demotion, or suspension of more than 14 days. 38 U.S.C. § 714(c)(4)(A). However, an appeal "may only be made if such appeal is made not later than 10 business days after the date of such removal, demotion, or suspension." 38 U.S.C. § 714(c)(4)(B).

Here, the administrative judge found that the appellant was removed under the authority of 38 U.S.C. § 714 effective January 24, 2020, and that any Board appeal of that action was therefore due no later than February 3, 2020. ID at 3. The agency clearly informed the appellant in the removal decision that he had 10 business days from the effective date of the action to file a Board appeal. IAF, Tab 7 at 18. Because the appellant did not file his appeal until February 25, 2020, the administrative judge found his appeal untimely filed by 22 days. *Id*. However, the administrative judge erroneously included weekend days in calculating the deadline. *Id*.; *see Ledbetter v. Department of Veterans Affairs*, 2022 MSPB 41, ¶ 7 n.2 (excluding weekends and Federal holidays when calculating the filing deadline under 38 U.S.C. § 714(c)(4)(B)). Therefore, the filing deadline for the present appeal was February 7, 2020, and the appellant's February 25, 2020 appeal was untimely filed by 12 business days. Nevertheless, the administrative judge properly determined that the appeal was untimely filed beyond the 10 business days statutory deadline.

The filing deadline prescribed by 38 U.S.C. § 714 cannot be waived for good cause shown because there is no statutory mechanism for doing so. *Ledbetter*, 2022 MSPB 41, ¶¶ 8-11. However, it may be subject to equitable tolling or equitable estoppel. *Id*., ¶¶ 11-13. The doctrine of equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the appellant has been pursuing his rights diligently and some extraordinary circumstances stood in his way, such as being induced or tricked by her adversary's misconduct into allowing the deadline to pass. *Id*., ¶¶ 12-13. The

requirements for equitable estoppel are "even more stringent," requiring affirmative misconduct by the Government, and the doctrine does not extend to mere "excusable neglect." *Id*. (citations omitted).

On review, the appellant offers no explanation or reason for his untimely appeal; instead, he maintains that his appeal was timely. PFR File, Tab 1 at 4-5, 7. He also offers no authority for his argument that the removal decision became final only after the agency issued a step three grievance decision. *Id*. The appellant's argument goes against the plain text of 38 U.S.C. § 714(c)(4)(B), which permits an appeal of a removal only if "made not later than 10 business days after the date [of the] removal." Although the union requested "an abeyance for the [removal] decision until" the appellant could "be seen" at the step three grievance level, the agency did not address the requested abeyance in the step three grievance decision. IAF, Tab 7 at 20-21. The record is devoid of any evidence suggesting that the agency granted the request or delayed the effective date of the appellant's removal. Moreover, as discussed briefly below, rather than impacting the statutory filing deadline, it is well established that the filing of a grievance constitutes a binding election of remedies that prevents an appellant from later filing a Board appeal. *See, e.g.*, *see Kirkwood v. Department of Education*, 99 M.S.P.R. 437, ¶ 11 (2005) (observing that an appellant's election to first pursue a grievance generally precludes a subsequent Board appeal). Therefore, we modify the initial decision to clarify the basis of the administrative judge's holding that the statutory filing deadline cannot be waived for good cause shown and find additionally that the appellant is not entitled to waiver or tolling of the filing deadline. ID at 3-4; *see Ledbetter*, 2022 MSPB 41, ¶ 13.

The appellant does not challenge on review the administrative judge's finding that the agency provided the appellant with notice of his appeal rights in the removal decision and that the appellant elected to challenge his removal under a negotiated grievance procedure prior to filing his Board appeal. ID at 3-4; PFR File, Tab 1 at 3-13; IAF, Tab 7 at 17-18. An employee subjected to an adverse

action such as a removal that is also covered by a negotiated grievance procedure may either file a grievance concerning the matter or a Board appeal, but not both. 5 U.S.C. § 7121(e)(1); *see Stroud v. Department of Veterans Affairs*, 2022 MSPB 43, ¶¶ 7-10, 14-16 (finding that the election of remedies provisions set forth at 5 U.S.C. § 7121(e) apply to actions taken pursuant to 38 U.S.C. § 714). Therefore, we affirm the administrative judge's finding that the appellant made a binding election to grieve his removal and is therefore precluded from filing a Board appeal.

Accordingly, we deny the petition for review and affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420, 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.